UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PATRICK LENHART,

        Plaintiff,

  v.

MID-CENTURY INSURANCE COMPANY,

        Defendant.

CASE NO. C18-5039 BHS

ORDER DENYING PLAINTIFF'S MOTION TO REMAND

This matter comes before the Court on Plaintiff Patrick Lenhart's ("Lenhart") motion to remand (Dkt. 7). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I.   PROCEDURAL AND FACTUAL HISTORY

In 2004, Lenhart was injured in an automobile accident. Dkt. 1-3, ¶ 3.2. Although Mid-Century Insurance Company ("Mid-Century") initially paid for Lenhart's medical treatments, it stopped paying for further treatments in 2005. *Id.* ¶ 3.19. In December 2014, the parties engaged in arbitration that resulted in an award of medical bills and lost income to Lenhart. *Id.* ¶ 3.23. The arbitrator awarded Lenhart $14,053 in medical bills and $19,292.61 in lost income. *Id.* ¶ 3.25.

On December 8, 2017, Lenhart filed a complaint against Mid-Century in Clark County Superior Court for the State of Washington. *Id.* Lenhart asserts claims for

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PATRICK LENHART,

        Plaintiff,

  v.

MID-CENTURY INSURANCE COMPANY,

        Defendant.

CASE NO. C18-5039 BHS

ORDER DENYING PLAINTIFF'S MOTION TO REMAND

This matter comes before the Court on Plaintiff Patrick Lenhart's ("Lenhart") motion to remand (Dkt. 7). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I.   PROCEDURAL AND FACTUAL HISTORY

In 2004, Lenhart was injured in an automobile accident. Dkt. 1-3, ¶ 3.2. Although Mid-Century Insurance Company ("Mid-Century") initially paid for Lenhart's medical treatments, it stopped paying for further treatments in 2005. *Id.* ¶ 3.19. In December 2014, the parties engaged in arbitration that resulted in an award of medical bills and lost income to Lenhart. *Id.* ¶ 3.23. The arbitrator awarded Lenhart $14,053 in medical bills and $19,292.61 in lost income. *Id.* ¶ 3.25.

On December 8, 2017, Lenhart filed a complaint against Mid-Century in Clark County Superior Court for the State of Washington. *Id.* Lenhart asserts claims for

breach of contract, breach of good faith, a violation of Washington's Consumer Protection Act, and a violation of Washington's Insurance Fair Conduct Act ("IFCA"). *Id.* In this case, Lenhart seeks "treble damages, attorney fees, costs, expenses, prejudgment interest and other compensatory or exemplary damages as the jury feels is just." *Id.* ¶ 7.2.

On January 17, 2018, Mid-Century removed the matter to this Court asserting that Lenhart is seeking more than $75,000 in damages. Dkt. 1, ¶ 8.

On February 16, 2018, Lenhart moved to remand. Dkt. 7. On March 19, 2018, Mid-Century responded. Dkt. 9. On March 23, 2018, Lenhart replied. Dkt. 11.

## II. DISCUSSION

Under 28 U.S.C. § 1441, any civil action brought in state court over which the federal district courts have original jurisdiction may be removed to the federal district court for the district where the action is pending. 28 U.S.C. § 1441(a). There is a "strong presumption" against removal and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Where, as here, "the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116

F.3d 373, 376 (9th Cir. 1997). To meet its burden, the defendant "must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." *Sanchez v. Monumental Life Ins. Co.*, 102 F .3d 398, 404 (9th Cir. 1996). "The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract." *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

In this case, Mid-Century argues that it is more likely than not that Lenhart is seeking damages in excess of $75,000. Dkt. 9. The Court agrees. Lenhart concedes that interest alone may amount to $16,339.68. Dkt. 11 at 3. Under IFCA, the court may award treble damages, attorneys' fees, and actual and statutory litigation costs, including expert witness fees. RCW 48.30.015(2)–(3). If interest is trebled, then damages would exceed $45,000, and Lenhart's attorney's fees and litigation costs would only need to exceed $30,000 to meet the jurisdictional minimum of $75,000. The Court finds that it is more likely than not that attorney's fees could exceed $30,000 if this matter is litigated through trial. Accordingly, Allstate has met its burden to establish that jurisdiction exists.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Lenhart's motion to remand (Dkt. 7) is **DENIED**.

Dated this 17th day of April, 2018.

BENJAMIN H. SETTLE
United States District Judge