UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PATRICK LENHART,

                              Plaintiff,

        v.

MID-CENTURY INSURANCE,

                              Defendant.

CASE NO. C18-5039 BHS

ORDER GRANTING
DEFENDANT'S MOTION FOR
PARTIAL SUMMARY
JUDGMENT

This matter comes before the Court on Defendant Mid-Century Insurance's ("Mid-Century") motion for partial summary judgment, Dkt. 15. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I.  PROCEDURAL AND FACTUAL BACKGROUND

On December 17, 2004, Plaintiff Patrick Lenhart ("Lenhart") was injured in an automobile collision. Dkt. 1-3, ¶ 1.2. At the time of the accident, Lenhart had a policy of insurance with Mid-Century that included Personal Injury Protection ("PIP"). Dkt. 16-1. Under this coverage, Mid-Century agreed to pay "reasonable and necessary medical and hospital expenses incurred for services furnished within one year from the date of the

accident which caused the injury." *Id.* at 8. Following the accident, Lenhart submitted medical bills to Mid-Century for four different types of treatments: (1) chiropractic treatment; (2) treatment by an optometrist for vision problems; (3) dental treatment related to pain in Lenhart's temporomandibular joint ("TMJ"); and (4) treatment by a physiatrist for an alleged brain injury. Dkt. 1-3, ¶¶ 3.10-3.18. Mid-Century extended PIP coverage and paid a total of $5,948.94 for Lenhart's injuries. Dkt. 1-3, ¶ 3.9; Dkt. 5, ¶ 16.

As a condition of receiving PIP benefits, the Policy required Lenhart to submit, at Mid-Century's request, to physical examinations by doctors selected by Mid-Century. Dkt. 16-1 at 4. Pursuant to this provision, Mid-Century requested that Lenhart undergo three independent medical examinations ("IME") scheduled for June 6, 2005. Dkt. 1-3, ¶ 3.10; Dkt. 5, ¶ 17; Dkt. 16-2. Lenhart attended two of the three examinations.

After the examinations, the examining doctors issued reports on Lenhart's injuries. Chiropractor Dr. Jeffery Hawkins reported that Lenhart had received maximum benefit from the chiropractic treatment he had been receiving and that further treatments were not reasonable or necessary. Dkt. 16-3 at 19–20. Finding no evidence of injury to Lenhart's eyes, Dr. William Baer, an ophthalmologist, likewise reported that further eye treatments were not reasonable or necessary. Dkt. 16-4 at 6–7. Based on these reports, Mid-Century discontinued payments for these treatments in a letter dated July 5, 2005. Dkts. 16-5, 16-6.

On August 11, 2005, Lenhart attended an IME for his TMJ condition. Dkt. 16-8. In the resulting report, Dr. Scott Anderson, DMD, concluded that the treatment for

Lenhart's TMJ condition was reasonable and necessary and causally related to the accident. *Id.* By letter dated September 8, 2005, Mid-Century advised Lenhart that it would continue paying for treatment related to his TMJ condition. Dkt. 16-9.

Regarding his alleged brain injury, Lenhart refused to attend a scheduled IME. Dkt. 16-11.

On November 1, 2005, Mid-Century wrote Lenhart informing him that the only recommended ongoing treatment was for his TMJ condition. *Id.* Mid-Century thus denied all PIP benefits except for the TMJ treatments. *Id.*

On December 6, 2007, Washington enacted the Insurance Fair Conduct Act ("IFCA").

On May 19, 2011, Lenhart sent Mid-Century a notice that he would pursue a cause of action against Mid-Century under IFCA for Mid-Century's unreasonable denial of benefits. Dkt. 16-12. On June 3, 2011, Mid-Century responded upholding its "previous position, that no additional wage loss or medical coverage is available or payable on this claim." Dkt. 16-13.

On December 8, 2017, Lenhart filed a complaint against Mid-Century in Clark County Superior Court for the State of Washington. Dkt. 1-3. Lenhart asserts claims for failure to act in good faith, violation of the Washington Consumer Protection Act, and violation of IFCA. *Id.*, ¶¶ 4.1–6.6.

On January 17, 2018, Mid-Century removed the matter to this Court. Dkt. 1.

On September 20, 2018, Mid-Century filed a motion for partial summary judgment on Lenhart's IFCA claim. Dkt. 15. On October 15, 2018, Lenhart responded. Dkt. 18. On October 19, 2018, Lenhart replied. Dkt. 20.

## II. DISCUSSION

**A. Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must

meet at trial—e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990).

**B.     IFCA**

Mid-Century moves for summary judgment on Lenhart's IFCA claim arguing that Lenhart may not recover under the statute for the denial of a claim that occurred before the statute was enacted. Dkt. 15 at 5–9. In response, Lenhart essentially concedes that Mid-Century's motion has merit and argues that his IFCA claim is based on Mid-Century's denial of his claim in 2011. Dkt. 18. The problem with Lenhart's argument is that it finds no support in his current complaint. Lenhart alleges that Mid-Century "stopped payment for treatment after August 27, 2005," and refused "to pay for continuing necessary and reasonable medical treatment." Dkt. 1-3, ¶¶ 3.19, 3.20. Then, Lenhart vaguely alleges that Mid-Century "failed to complete its investigation within the deadlines set out WAC 284-30-380 or follow the provisions it must follow should it not be able to complete its' investigation within those deadlines." *Id.* ¶ 3.22. He fails to allege that he resubmitted his claim in May 2011. Instead, he skips forward to the end of

1 2014 and alleges that he "engaged in arbitration proceedings on 12-04-2014 and was

2 awarded medical bills and income loss." *Id.* ¶ 3.23. Therefore, to the extent that

3 Lenhart's current claim as pled relies on a denial in 2005, the Court grants Mid-Century's

4 motion for summary judgment and dismisses Lenhart's claim with prejudice. This ruling

5 does not preclude Lenhart from amending his pleading to assert a claim based on alleged

6 violations that occurred after the enactment of IFCA.

### III. ORDER

8 Therefore, it is hereby **ORDERED** that Mid-Century's motion for partial

9 summary judgment, Dkt. 15, is **GRANTED**.

10 Dated this 10th day of January, 2019.

BENJAMIN H. SETTLE
United States District Judge